IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOLORES ESTRADA; TINA DUNCAN; )
MANUEAL ESTRADA, JR.; DAVID   )   2:05-cv-0927-GEB-EFB
ESTRADA; ARLENE GREEN; and    )
DOLORES ESTRADA, as successor )   <u>FINAL PRETRIAL ORDER</u>
in interest of the estate of )
MANUEL ESTRADA, SR.,          )
                              )
                Plaintiffs,   )
                              )
          v.                  )
                              )
GENIE INDUSTRIES, INC., a     )
Washington corporation; and   )
UNITED RENTALS, INC., a       )
Delaware corporation,         )
                              )
                Defendants.[1] )
_____ )

        The final pretrial conference scheduled for February 12,

2007, is vacated since the parties' Joint Pretrial Statement filed

February 5, 2007 ("JPS") indicates this Final Pretrial Order should

issue.

                I. <u>DISMISSAL OF DOE DEFENDANTS</u>

        Since Plaintiffs have not justified Doe defendants

remaining in this action, Does 1 through 50 are dismissed.   <u>See</u>

_____

        [1]     The caption has been amended according to the <u>Dismissal
of Doe Defendants</u> portion of this Order.

1

Order Setting Status (Pretrial Scheduling) Conference filed May 12,
2005, at 2 n.2 (indicating that if Plaintiffs failed to set forth
in the Joint Status Report a date by when the identities of any
"Doe" defendants were expected to be discovered, the claims against
Doe defendants would be deemed abandoned and a dismissal order
would follow).

## II.   JURY/NON-JURY

All issues shall be tried to a jury.[2]

## III.   UNDISPUTED FACTS

On March 22, 2004, Manuel Estrada, Sr. was injured while
working for Monier Lifetile, Inc. at its plant in French Camp,
California.  At the time of the accident, Estrada was operating an
articulating boom, designed and manufactured by Genie.  Monier
LifeTile, Inc. had rented the articulating boom from  United
Rentals.  There were no witnesses to the accident.  On March 31,
2004, Manuel Estrada died as a result of injuries from the
accident.  Plaintiffs are the wife and four adult children of
Estrada.

## IV.   FACTUAL, LEGAL AND/OR EQUITABLE CONTENTIONS

A.   The Final Pretrial Order supersedes the pleadings
and controls the facts and claims which may be presented at trial.
Any legal theory of relief or affirmative defense asserted in the
pleadings but not preserved for trial in this section of the Final
Pretrial Order cannot be raised during the trial.  Therefore, to

---

[2]     The parties' agreement in their JPS that the Judge will
decide certain issues is unclear and therefore has not been
adopted.  If clarification on precisely what the parties expect the
Judge to decide is provided, this portion of the Order could be
reconsidered.

preserve an issue for trial, and to be entitled to jury

instructions on that issue, the issue <u>shall</u> be identified and

preserved in this section of the Order.  Failure to do so

dismisses, waives or abandons that issue, claim or defense.

<u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>, 827 F.2d 1324,

1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order

are eliminated from the action.").

      B.   The following issues are preserved for trial provided

jury instructions are submitted as required by Section XIII of this

Order:

      <u>Plaintiffs' Claims:</u>

      1.   <u>Negligence</u>

      Plaintiffs claim Defendants negligently designed the

aerial platform control panel because it was not properly guarded

to prevent the operator from inadvertently leaning over and pushing

the controls.  The lack of a physical guard precluded Estrada from

extricating himself because the overhead cable tray folded him over

the control panel, causing him to depress the emergency stop

switch.  Estrada was crushed between the overhead cable tray and

the control panel, precluding him from operating the controls so he

could lower the aerial platform.  Defendants' failure to have a

physical guard over the control panel violated Section 3642(d) of

Title 8, California Code of Regulations, General Industry Safety

Orders, and Section Four of the American National Standard

Institute's (ANSI) rules for "Boom-supported Elevating Work

Platforms."  Defendants were further negligent because of the

unsafe placement and location of the controls used to operate the

aerial platform.  Defendants were further negligent because, before

the incident, they became aware of the foregoing defects of the
aerial platform's control panel and redesigned the newly
manufactured with a physical guard on their aerial platform control
panels.  However, the defendants did not institute a retrofit
program for the existing aerial platform control panels until after
the incident.

United Rentals was further negligent because it failed to
properly train and provide Estrada with the proper manual to use
the aerial platform and control panel  in violation of its duties
under  Section Five of ANSI's rules for boom-supported elevating
work platforms.  United Rentals' failure to provide the proper
manual further violated Section 3638 of Title 8, California Code of
Regulations, General Industry Safety Orders.

As a result of Defendants' foregoing negligence, Estrada
suffered severe and permanent injuries which subsequently caused
his death.  Plaintiffs seek past and future economic damages for
loss of Estrada's financial support, gifts, benefits, household
services, and funeral and burial related expenses.

Plaintiffs seek non-economic damages for loss of
Estrada's love, companionship, comfort, care, assistance,
protection, affection, society, and moral support.  Plaintiffs will
further seek costs of suit, pre-judgment interest, and other costs
which the court may deem proper.

2.   <u>Strict products liability</u>

Plaintiffs claim the Defendants' aerial platform's design
was defective under both the consumer expectation test and the
risk-benefit test. The aerial platform did not perform as safely as
an ordinary consumer would have expected at the time of use because

the control panel was not properly guarded to prevent inadvertent operation.  The lack of a physical guard precluded Estrada from extricating himself once the overhead cable tray, which folded him over the control panel, caused his upper torso to depress the emergency stop switch.  Estrada was unable to extricate himself because he was crushed between the cable tray and control panel, precluding him from operating the controls so he could lower the aerial platform.  The aerial platform was further defective in design because of the unsafe placement and location of the controls to safely operate the aerial platform.

Plaintiffs contend Defendants knew of the defective design of their aerial platform control panel before the Estrada incident.  Plaintiffs argue Defendants changed the design of the control panel to add a physical guard on all its newly manufactured aerial platforms, but did not institute a retrofit program for its existing aerial platforms until after the Estrada incident.

Plaintiffs also contend Defendants are further strictly liable under the risk-benefit test.  The aerial platform was defective because the risk inherent in the design outweighed the benefits of the design.  Defendants' aerial platform was not properly guarded as required under Cal-OSHA section 3642(d) and section Four of the ANSI's rules for "Boom-Supported Elevating Work Platforms."  The aerial platform's design was further defective because of the unsafe placement and location of the controls.

Plaintiffs contend Defendants cannot prove that the benefits of the design of the aerial platform control panel outweigh the risks.

1    As a result of the design defect in Defendants' aerial
2    platform under either the consumer expectation test or the
3    risk-benefit test, Estrada suffered severe and permanent injuries
4    which subsequently cause his death.

5    Plaintiffs seek past and future economic damages for loss
6    of Estrada's financial support, gifts, benefits, household
7    services, and funeral and burial related expenses.  Plaintiffs seek
8    non-economic damages for loss of Estrada's love, companionship,
9    comfort, care, assistance, protection, affection, society, and
10   moral support.  Plaintiffs will further seek costs of suit,
11   pre-judgment interest, and other costs which the court may deem
12   proper.

13       Defendants' Claims:

14   Defendants dispute Plaintiffs' contentions as to
15   liability, causation, and damages with respect to all of
16   Plaintiffs' claims.

17       Affirmative Defenses:

18       a.    Defendants claim that the decedent was negligent in
19   his operation of the articulating boom, and that his negligence was
20   a substantial factor in causing the accident in question.

21       b.    Defendants claim that the decedent voluntarily
22   assumed an unreasonable risk in his operation of the articulating
23   boom with knowledge of that risk, and that Plaintiffs' claims are
24   barred on that basis.

25       c.    Defendants claim that the decedent's employer Monier
26   Lifetile, Inc. was negligent in failing to provide proper training
27   to its employees, including the decedent, and failing to adopt
28

adequate policies and procedures relating to the use of
articulating booms in the workplace.

      d.   Defendants claim that Plaintiffs received workers
compensation benefits and/or other income and benefits as a result
of the decedent's death, and that any recovery to Plaintiffs should
be diminished by the amount of those benefits.

      e.   Defendants claim that Plaintiffs received settlement
payments from other parties, and that any recovery to Plaintiffs
should be diminished by the amount of those payments.

      f.   Defendants claim that Plaintiffs' claims for breach
of warranty are barred, in whole or in part, by the warranty
exclusions and/or remedy limitations applicable to any warranty, if
made, allegedly provided by defendants, and because of the
expiration of the allegedly applicable warranties.

      g.   Defendants claim that the accident in question
resulted from a misuse of the articulating boom.

      C.   In addition to the matters set forth in Local Rule
16-285, the parties shall brief the following points of law in
their trial briefs.

      1.   The elements, standards, and burdens of proof as
to each of Plaintiffs' causes of action, including citations of
authority in support thereof.

      2.   The elements, standards, and burdens of proof
as to each of Defendants' defenses, including citations of
authority in support thereof.

      Notwithstanding Local Rule 16-285, trial briefs shall be
filed with the Court no later than <u>twenty (20) court days prior to
the date of trial</u>.  A joint or partial joint trial brief is

permitted.  All legal positions briefed in the trial brief shall be supported with case and applicable statutory authority.  See Local Rule 16-285.  If separate or partial separate trial briefs are submitted, responding briefs, if any, shall be filed with the Court no later than five (5) court days prior to trial.  **The trial brief(s) must include "a summary of points of law, including reasonably anticipated disputes concerning admissibility of evidence, legal arguments, and citations of authority in support thereof."  Local Rule 16-285(a)(3).**

## V.   DISPUTED EVIDENTIARY ISSUES

Defendant Genie Industries, Inc.'s Daubert motion is scheduled for hearing to commence at 9:00 a.m. on February 20, 2007.

Any other evidentiary dispute capable of being resolved in limine shall be set forth in an in limine motion which shall be filed no later than March 5, 2007.  An opposition or a non-opposition statement to any filed in limine motion shall be filed no later than March 19, 2007.  *Failure to state a basis for admissibility or non-admissibility of disputed evidence constitutes a waiver or abandonment of that basis*.

## VI.   WITNESSES[3]

A.   Plaintiffs anticipate calling the witnesses listed on Exhibit 1 to the JPS.

B.   Defendant United Rentals, Inc. anticipates calling the witnesses listed on Exhibit 2 to the JPS.

---

[3]   This portion of the Order does not affect the parties' obligations to timely comply with witness disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

1    C.   Defendant Genie Industries, Inc. anticipates calling
2  the witnesses listed on Exhibit 3 to the JPS.

3    D.   Each party may call a witness designated by another
4  party.

5    E.   No person, other than those named on these witness
6  lists, will be permitted to testify unless:

7        (1) The party offering the witness demonstrates that
8  the witness is for the purpose of rebutting evidence which could
9  not reasonably be anticipated at the pretrial conference; or

10        (2) The witness was discovered after the pretrial
11  conference and the proffering party makes the showing required in
12  "F", below.

13    F.   If a witness is discovered after the pretrial
14  conference, counsel for the party offering the witness shall
15  promptly inform the Court and opposing parties of the existence of
16  the unlisted witness so that the Court may consider at trial
17  whether the witness shall be permitted to testify.  The witness
18  will be not be permitted to testify unless:

19        (1) The witness could not reasonably have been
20  discovered prior to pretrial;

21        (2) The Court and opposing counsel were promptly
22  notified upon discovery of the witness;

23        (3) If time permitted, counsel offered the witness
24  for deposition; and

25        (4) If time did not permit, a reasonable summary of
26  the witness' testimony was provided to opposing counsel.

27

28

VII.   <u>EXHIBITS</u>[4]

A.   Plaintiffs anticipate offering the exhibits listed on Exhibit 4 to the JPS.

B.   Defendant United Rentals, Inc. anticipates offering the exhibits listed on Exhibit 5 to the JPS.

C.   Defendant Genie Industries, Inc. anticipates offering the exhibits listed on Exhibit 6 to the JPS.

D.   No other exhibits will be permitted to be introduced unless:

(1) The party seeking to use the unlisted exhibit demonstrates that the exhibit is being used to rebut evidence which could not reasonably have been anticipated at the pretrial conference; or

(2) The unlisted exhibit was discovered after the pretrial conference and the offering party makes the showing required in paragraph "E", below.

E.   Any party proposing to introduce an exhibit which was discovered after the pretrial conference shall promptly notify the Court and opposing counsel of the existence of such exhibit.  The Court will not permit any such exhibit to be introduced unless it finds:

(1) That the exhibit could not reasonably have been discovered prior to the pretrial conference;

(2) The Court and counsel were promptly informed of the exhibit's existence; and

---

[4]   This portion of the Order does not affect the parties' obligations to timely comply with disclosure requirements provided in the Federal Rules of Civil Procedure, the Local Rules, or by Order of this Court.

(3) That the offering party has delivered a copy of the exhibit to opposing counsel, or, if the exhibit may not be copied, that the offering counsel has made the exhibit reasonably available for inspection by opposing counsel.

F.   Plaintiffs' exhibits shall be numbered and marked with colored stickers provided by the Court while Defendants' exhibits shall be designated by alphabetical letter also marked with colored stickers provided by the Court.  To obtain stickers, parties should contact the Clerk of Court at (916) 930-4000.

The parties are directed to exchange with each other, at least twenty (20) court days prior to trial, copies of all of their respective exhibits, marked with exhibit stickers provided by the Court.  Within five (5) court days after receipt and examination of the exhibits, each party shall file with the Court and serve upon opposing counsel objections, if any, to the exhibits, referencing the exhibits as marked by exhibit sticker and specifying the basis for each objection.[5]  Failure to exchange exhibits as ordered could result in the exhibit not being used at trial and/or the imposition of sanctions.  The failure to make objections in the manner prescribed by this section shall constitute a waiver of objections. A party seeking to admit into evidence an exhibit to which no objection was made must identify said exhibit for the record and then move it into evidence.

Counsel shall produce all exhibits to the Clerk's Office on the Friday before the before trial date, no later than 4:00 p.m. At that time, the parties shall also furnish the Court with a copy

---

[5]      The parties have leave to file joint exhibits.  The above procedure is designed for separate exhibits.

of each exhibit, unless the exhibit is physically incapable of being reproduced.  Failure to produce exhibits as ordered could result in waiver of the right to offer those exhibits.  Each party submitting exhibits shall furnish a list to the Court, the courtroom deputy and opposing counsel itemizing the exhibits.

VIII.  <u>FURTHER PREPARATION FOR USE OF DISCOVERY DOCUMENTS</u>[6]

A.  It is the duty of counsel to ensure that any depositions which are to be used at trial for any purpose shall have been filed with the clerk, and counsel are cautioned that a failure to discharge this duty may result in preclusion of the use of the unfiled depositions or in the imposition of such other sanctions as the Court deems appropriate.

B.  No later than twenty (20) court days before the trial commencement date, counsel for each party shall serve on the other parties a statement designating all answers to interrogatories and all portions of depositions (except for passages to be used solely for refreshing recollection, impeachment or rebuttal).  No later than ten (10) court days before the trial commencement date, counter-designations of other portions of these discovery documents may be served.  No later than five (5) court days before trial, the parties shall file and serve any preserved evidentiary objections to any designated discovery, or said objections are waived.

---

[6]     Counsel for the parties are required to meet and confer on whether it is appropriate to submit any documents to the judge prior to trial.  If the parties decide this is appropriate, they shall reflect their agreement in a stipulation which has attached thereto whatever documents they agree can be considered by the judge before trial.  The stipulation should be filed and submitted to the judge's chambers at the parties' earliest convenience.

## IX.   FURTHER DISCOVERY OR MOTIONS

Pursuant to the Court's Pretrial Scheduling Order, all discovery and law and motion was to have been completed prior to the date of the final pretrial conference.  That order is confirmed.  The parties are, of course, free to conduct any additional discovery they desire pursuant to informal agreement.  However, any such agreement will not be enforceable in this Court.

## X.   STIPULATIONS

The parties stipulate to waiving authentication requirements for trial exhibits.

## XI.   SETTLEMENT NEGOTIATIONS

No settlement conference is scheduled in this matter.  If the parties believe that a settlement conference would be productive and facilitate resolution of this case, the parties may contact the Court.  If the Court schedules a settlement conference at the request of the parties, each party would be directed to have a principal with authority to settle the case on any terms present at the settlement conference.

In addition, each party would have to submit a settlement conference statement directly to the chambers of the settlement judge, five (5) court days prior to the settlement conference. Such statements would not have to be filed with the clerk nor served on opposing counsel.  However, each would be required to notify the other party or parties that the statement was submitted to the judge's chambers.

## XII.   AGREED STATEMENT

The parties shall submit a short, jointly-prepared statement concerning the nature of this case that can be read to

the jury at the commencement of trial.  The statement shall be
provided to the Court no later than ten (10) court days before the
commencement of trial.  If the parties fail to do this, they may be
required to give their respective opening statements before voir
dire.  Separate statements shall be submitted if agreement is not
reached.

XIII.   <u>JURY INSTRUCTIONS, VOIR DIRE, AND VERDICT FORMS</u>

A.   The parties are to prepare jury instructions, in the
manner specified in paragraph B below.  Counsel shall tailor all
general instructions to the facts and issues in suit.

B.   Counsel are directed to confer and to attempt to
agree upon a joint set of jury instructions and verdict forms.

C.   All instructions, both general and specific, shall
be submitted in the exact numerical order counsel desires them
given to the jury and shall be tailored to the facts and issues in
suit.

The joint set of instructions and verdict forms shall be
filed with the court clerk fifteen (15) court days prior to the
date of the trial.  As to instructions on which there is dispute,
the parties shall adhere to the following procedure:  1) the party
offering the disputed instruction(s) shall submit the
instruction(s) as its proposed jury instructions, shall submit
authority in support of the proposed instruction(s) and shall
number the disputed instruction(s) in a manner that shows where
each disputed instruction should be placed in the tendered agreed
upon instructions.  The contested instruction(s) and supporting
authority shall be filed with the joint set of instructions fifteen
(15) court days prior to the date of the trial; 2) the party

opposed to the contested instruction(s) shall file opposing
authority ten (10) court days prior to the date of the trial.

      D.   All instructions shall be, to the extent possible,
concise, understandable, and <u>neutral</u> statements of law.  They shall
be prepared in accordance with Local Rule 51-163.  Ninth Circuit
Pattern Instructions are preferred.

      E.   It is the parties' responsibility to ensure that
jury instructions are submitted on all issues preserved for trial
in accordance with the schedule set forth above.  Pursuant to Local
Rule 51-163, instructions not presented in accordance with this
Order will be refused unless it is shown either (1) that the
necessity for the request arose in the course of trial; the
instructions could not reasonably have been anticipated prior to
trial from the Final Pretrial Order; and the request for such
additional instructions is presented to the Court as promptly as
possible; or (2) that the refusal to give such instructions would
constitute manifest injustice under Rule 16(e).

      F.   Most of the examination of prospective jurors is
conducted by the Court.  The parties are directed to meet and
confer and attempt to agree upon a joint set of proposed voir dire
questions.  These questions shall include any voir dire questions
supplied by the Court that the parties believe are necessary.  The
joint set of voir dire questions shall be filed with the Court
fifteen (15) court days prior to the date of the trial.  Parties
may also submit proposed voir dire questions which are disputed.
Disputed voir dire questions shall be filed with the Court fifteen
(15) court days prior to the date of the trial and shall be
accompanied by an explanation as to the need for the question and

supporting case authority when available.  The opposing party shall respond with reasons for the opposition and any supporting case authority no later than ten (10) court days prior to the date of trial.  Each side is granted twenty (20) minutes to conduct voir dire following the Court's examination of prospective jurors.

G.   The parties shall file a joint verdict form concurrently with proposed jury instructions fifteen (15) court days prior to the commencement of trial.  <u>See</u> L.R. 51-163(e).  A special verdict or interrogatories shall be included for all factual disputes submitted to the jury that must be resolved before questions of law can be decided, and for any other issue on which specific responses are desired.  The verdict form shall be prepared in accordance with Local Rule 51-163(e).  At the same time, where disagreements exist, the parties shall explain the disagreement and submit points and authorities supporting their respective positions.

<u>At the time of electronically filing the jury instructions and verdict forms, counsel shall also submit a copy of the sanitized joint jury instructions, the sanitized disputed jury instructions, and the joint verdict forms to the Court by email to geborders@caed.uscourts.gov in accordance with L.R. 51-163(b)(1).</u>

XIV.   <u>USE OF STRUCK JURY SELECTION SYSTEM</u>

Eight (8) jurors will be impaneled.  The "struck jury" system will be used to select the jury.[7]  At the beginning of the

---

[7]     As explained in <u>United States v. Blouin</u>, 666 F.2d 796, 798 (2d Cir. 1981), "the goal of the 'struck jury' system is to whittle down an initially selected group . . . [to the amount of jurors] who will serve as the petit jury."  The selected group consists of the jurors who will hear the case, plus the number of

(continued...)

voir dire process, approximately eighteen prospective jurors,
randomly selected by the Jury Administrator, will be seated for
voir dire.  The order of the jurors' random selection is reflected
by the order in which they will be seated.  The first randomly
selected juror will be in jury seat number one, which is at the
extreme right-hand side of the jury box in the top row as the jury
box is viewed from the well of the courtroom.  The eighth juror
will be in the eighth seat.  The ninth selected juror will occupy
the seat located at the extreme right-hand side of the jury box in
the bottom row.  The fifteenth seat will be in the left-hand side
of that row.  Three chairs will be placed in front of the jury box.
The sixteenth juror will occupy the seat on the right and the
eighteenth juror will occupy the seat on the left.  The first eight
(8) jurors on a list, which shall be given to counsel, will
constitute the petit jury unless one or more of those eight is
excused for some reason.  Assuming that the first and fifth jurors
on the list are excused, the second listed juror becomes the first,
and the other jurors' numbers are changed accordingly, with the
ninth juror on the list becoming seventh on the list; however, the
jurors continue to be identified by their original numbers.

Following the voir dire questioning, each side will take
turns exercising its three allotted peremptory strikes.  If a side
elects to pass rather than exercise a particular peremptory
challenge, that challenge is waived.

---

[7](...continued)
jurors required to enable the parties to use the combined number of
peremptory challenges allotted to both sides for striking jurors
from the group.  Typically extra jurors are included in the select
group in the event the minimum amount of jurors required for the
"struck system" is reduced "for cause" or some other reason.

## XV.   TRIAL DATE

Trial to a jury will commence on May 15, 2007.[8]  A trial day will commence at 9:00 a.m. and will adjourn at approximately 4:30 p.m.  Each side has fifteen (15) minutes within which to make an opening statement to the jury.  Counsel are to call Shani Furstenau, Courtroom Deputy, at (916) 930-4114, one week prior to trial to ascertain the status of the trial date.

IT IS SO ORDERED.

Dated:  February 6, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[8]  **The parties are required to meet and confer about the length of the trial and to file a document no later than twenty (20) court days before trial in which the length of trial is estimated.**