IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOLORES ESTRADA; TINA DUNCAN; MANUEL ESTRADA, JR.; DAVID ESTRADA; ARLENE GREEN; DOLORES ESTRADA AS SUCCESSOR IN INTEREST OF THE ESTATE OF MANUEL ESTRADA, SR., | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2:05-cv-927-GEB-EFB |
| v. | ) ) | ORDER[*] |
| GENIE INDUSTRIES, INC., a Washington Corporation; UNITED RENTALS, INC., a Delaware Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant United Rentals, Inc. ("URI") moves for an order determining that it has entered into a "good faith" settlement agreement with Plaintiffs pursuant to California Code of Civil

_____

[*]     This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

1

Procedure sections 877 and 877.6.  Defendant Genie Industries, Inc.

("Genie") has filed a statement of non-opposition to URI's motion.[1]

BACKGROUND

This is a wrongful death action against Defendants for the

death of Manuel Estrada, Sr. ("Estrada") that resulted from his

operation of a lift manufactured by Genie and leased to Estrada's

employer by URI.  (Mot. at 2:12-16.)  Plaintiffs allege strict

liability and negligence claims against URI and Genie.  (Id. at 3:20-

21.)  Plaintiffs argue that the lift was defectively designed and that

"URI was negligent in failing to properly provide the correct

operator's manual with the [lift] and . . . training at the time of

delivery of the lift to [Estrada's employer]."  (Id. at 6:3-5.)  URI

denies all liability.  (Id. at 7:3-5, 7-9.)

DISCUSSION

On February 5, 2007, Plaintiffs and URI entered into a

settlement agreement whereby URI agreed to pay Plaintiffs

$210,000.000, in exchange for a full and final settlement and release

by Plaintiffs of any claims against URI arising out of the accident.

(Id. at 8:4-7.)  The settlement agreement is contingent upon a finding

of "good faith" under California Code of Civil Procedure sections 877

and 877.6.[2]  Section 877 prescribes, "[w]here a release, dismissal

with or without prejudice, or a covenant not to sue or not to enforce

---

[1]    Plaintiffs have not submitted any filings concerning this motion.

[2]    "The Ninth Circuit has held that . . . section 877 amounts to substantive law" and since state substantive law generally applies to state causes of action in federal court, section 877 is applicable here. Slaven v. BP Am., Inc., 958 F. Supp. 1472, 1479 (C.D. Cal. 1997) (citing Fed. Sav. & Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990)).

judgment is given in good faith . . . [i]t shall reduce the claims against . . . others in the amount stipulated by the release [and] [i]t shall discharge the party to whom it is given from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877.

The California Supreme Court has established specific factors a court should consider when determining whether a settlement agreement is in "good faith." These include "a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement, . . . and a recognition that a settlor should pay less in settlement than he would if he were found liable after trial." Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal. 3d 488, 499 (1985). "Other relevant considerations include . . . the existence of collusion, fraud, or tortious conduct aimed to injure the interests of non-settling defendants [and that] the evaluation be made on the basis of information available at the time of settlement." Id.

Under the Tech-Bilt factors, the settlement amount is proportionate to URI's alleged liability. URI has denied all liability in this action and Plaintiffs acknowledge that the trier of fact could find in favor of URI on the issue of negligence. (Mot. at 9:24-26.) Further, URI has indicated that Genie will fully indemnify URI if the trier of fact were to find for Plaintiffs on the design defect theory. (Id. at 9:28, 10:1.) The settlement amount also appropriately reflects "that a settlor should pay less in settlement than he would if he were found liable after trial." Tech-Bilt, 38 Cal. 3d at 499. Finally, Genie, URI's co-defendant, has filed a statement of non-opposition to URI's motion and there is no evidence of "collusion, fraud or tortious conduct." Id.

<u>CONCLUSION</u>

For the reasons stated, the Court finds that the settlement agreement between Plaintiffs and URI is in good faith pursuant to California Code of Civil Procedure sections 877 and 877.6.

Dated:  May 22, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge