IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES ESTRADA, TINA DUNCAN, MANUEL ESTRADA, JR., DAVID ESTRADA, ARLENE GREEN, AND DOLORES ESTRADA AS SUCCESSOR IN INTEREST OF THE ESTATE OF MANUEL ESTRADA, SR.,<br><br>Plaintiffs,<br><br>v.<br><br>GENIE INDUSTRIES, INC.,<br><br>Defendant. | 2:05-cv-00927-GEB-EFB<br><br><br><br><br><br><br>ORDER RE: SETTLEMENT AND DISPOSITION |

On October 2, 2007, Plaintiffs filed a Notice of Settlement in which they state that "all of the plaintiffs have reached a tentative settlement of their claims against defendant Genie Industries, Inc., which will become final upon execution of a written settlement agreement which is acceptable to all parties" and that "Plaintiffs anticipate that it will take 60 days to finalize the settlement at which time they will request dismissal of the case." Accordingly, either a dispositional document or a status report explaining the status of the parties' settlement shall be filed no later than December 3, 2007. Failure to respond

1

by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

This ruling does not vacate any of the Rule 16 scheduling dates because the Notice of Settlement is not necessarily a settlement in fact.[1] If the parties desire to have all Rule 16 dates vacated, they must file a dismissal document by December 3, 2007, or place a judicially enforceable settlement on the record by the same date (either by filing a writing in which the parties and counsel set forth all material terms of the settlement or by setting forth all material settlement terms on the record in a hearing before the judge). Otherwise, the case will not be removed from the judge's trial docket and the parties will remain obligated to comply with all Rule 16 scheduling deadlines.

If the parties elect to file a document setting forth the material terms of their settlement, each party, through an authorized agent, must affirm the settlement under 28 U.S.C. § 1746, or through the agent's duly-notarized signature. Affirming the settlement as stated could make it enforceable under federal law. See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). If the parties elect to set forth the settlement terms at a hearing on the record, they must contact the judge's courtroom deputy, Shani Furstenau (916-930-4114), to schedule a hearing on the judge's

---

[1] See Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (before a settlement agreement is enforceable the parties must have agreed to all material terms of the settlement in an enforceable form).

1  calender so that the hearing will take place no later than December
2  3, 2007.
3          IT IS SO ORDERED.
4  Dated:  October 3, 2007

                                 _____
                                 GARLAND E. BURRELL, JR.
                                 United States District Judge